**614**

**UNITED STATES, Appellee,**

v.

**Sergeant First Class Michael J. CRAIG, 404–82–7959, United States Army, Appellant.**

**ACMR 9000832.**

Army Court of Military Review.

30 Jan. 1991.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. In accordance with his pleas, he was found guilty of attempted larceny, violating a lawful general regulation, sodomy, and 19 specifications of larceny in violation of Articles 80, 92, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, and 921 (1982). He was sentenced to a dishonorable discharge, confinement for ten years, total forfeitures and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence as adjudged except that he reduced the confinement to eight years.[1]

While appellant was on temporary duty, his wife called his supervisor, Sergeant Major Godwin. She reported that appellant was engaged in homosexual activities and that appellant was stealing items from the mall where he worked during off-duty time as a security guard. She also reported that appellant had been stealing large quantities of military camping equipment, military swords and plaques, office supplies, and numerous items of personal property. Appellant was the curator of the installation museum. Sergeant Major Godwin called the local Criminal Investigation Command to inquire if he could search appellant's desk.[2] The record of trial indicates that

---

1. The convening authority also agreed to permit appellant to enter a conditional plea of guilty in accordance with Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial, 910(a)(2).

2. The record is silent concerning why the Sergeant Major called the Criminal Investigation

the purpose of the search was to obtain the museum inventory in order to account for all museum property. Inside the desk, Sergeant Major Godwin found a small black statue, a portable television, numerous watchbands, and numerous office supply items. These items are the subject matter of several of the larceny specifications and are the subject of the motion to suppress which was preserved on appeal by the conditional guilty plea.

In *O'Connor v. Ortega*, 480 U.S. 709, 107 S.Ct. 1492, 1499, 94 L.Ed.2d 714 (1987), the Supreme Court held that public employees have a limited expectation of privacy in the workplace. The question of whether a public employee has an expectation of privacy in the workplace must be decided on a case-by-case basis. In *O'Connor*, the Supreme Court relied on specific factors in determining that a doctor in a public hospital had an expectation of privacy in his desk and file cabinets. In that case, the court found that the employee did not share his desk or file cabinets with other employees; that he occupied the office for 17 years; and that he kept in his desk personal correspondence, medical files, correspondence from private patients unconnected to the hospital, personal financial records, teaching aids and notes, and personal gifts and momentos. Files concerning his work at the hospital were located outside the employee's office. Finally, although not controlling, the Supreme Court found that there was no evidence that the public employer had established any reasonable regulation or policy discouraging employees from storing personal papers and effects in their desk or file cabinets.[3] In applying *O'Connor*, the Court of Military Appeals has stated that the scope of the expectation of privacy depends in part on the demands of the workplace and its openness to employees and the public. *United States v. Battles*, 25 M.J. 58, 60 (C.M.A.1987).

In the case before us, the military judge made findings of fact on the motion to suppress. He found that appellant's desk was government owned and not capable of being locked; that other personnel shared appellant's office until two weeks before the search of the desk; that the purpose of the office was to conduct official government business; that eight other persons had keys to the office where the desk was located; that appellant had been ordered by a lieutenant, his supervisor until August or September 1989, to keep his desk unlocked and to remove personal items from it; that appellant did not tell the lieutenant that he had personal items in the desk; that a captain used the desk many times and entered the desk for paper, files, etc.; that the captain ordered the appellant to keep the desk unlocked so that others could have access to it; and that the office was subject to security inspections at any time. The military judge denied the motion on the basis that appellant had no expectation of privacy in the desk.

Under the circumstances of this case, we hold that appellant had no expectation of privacy in the desk.

We find the error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), is without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge VARO concur.

---

Division for legal advice rather than the Staff Judge Advocate's office. Perhaps he did not know it existed; at best, it appears he did not recognize its purpose.

**3.** The publication of Department of the Army or command regulations discouraging storage of personal papers and effects in soldiers' and employees' desks and file cabinets would be helpful in resolving this issue in the future.